UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEVIL A. DEFELICE AND CHERYL M. DEFELICE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5582** |
| **FOREMOST INSURANCE COMPANY** | **SECTION "L" (2)** |

### ORDER & REASONS

Before the Court is a Motion for Summary Judgment by Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), incorrectly named Foremost Insurance Company, urging the Court to dismiss Plaintiffs Nevil A. DeFelice and Cheryl M. DeFelice ("Plaintiffs" or "Defelices") claim against it on the basis that the insurance policy issued to Plaintiffs excluded damage caused by wind and hail. R. Doc, 9. Plaintiffs have not filed any opposition to the motion. After reviewing the parties' briefing, the record, and applicable law, the Court now rules as follows.

### I. BACKGROUND & PRESENT MOTION

This case arises out of alleged damage to Plaintiffs' property in Metairie, Louisiana following Hurricane Ida. R. Doc. 1-2 at 1. Plaintiffs allege that they sought coverage for wind damage from their insurer, Foremost, and that on August 9, 2023 they submitted proof of loss and an estimate to Foremost, but that Foremost refused to tender any payment. *Id.* at 1-2. Plaintiffs brought suit in the 24th Judicial District Court for the Parish of Jefferson and Foremost removed the case to federal court. *Id.* at 1; R. Doc. 1. Plaintiffs assert a breach of contract claim and seek statutory penalties. R. Doc. 1-2 at 2-3.

1

Foremost filed an answer in federal court generally denying Plaintiffs' allegations and asserting several affirmative defenses, including Plaintiffs' failure to file a satisfactory proof of loss and that the policy does not provide coverage for the damages sought. R. Doc. 7.

Foremost filed a motion for summary judgment in which it argues that the insurance policy it issued Plaintiffs covering their Metairie home contains an exclusion for windstorm and hail damage and that this exclusion specifically excludes coverage for damage caused by hurricane wind. R. Doc. 9-1 at 2; Policy, R. Doc. 9-2 at 53 ("The following exclusion is added: Loss caused by hail or wind including tornado or hurricane wind."). Foremost also refutes Plaintiffs' claims that it failed to properly adjust and issue payment, alleging that it "immediately notified Plaintiffs of the policy endorsement that excluded any losses caused by hurricane wind," citing a March 28, 2022 letter from Foremost to Plaintiffs. R. Doc. 9-1 at 5; Letter, R. Doc. 9-3. Accordingly, Foremost argues, it cannot be liable for an arbitrary and capricious denial of coverage when no such coverage existed. R. Doc. 9-1 at 5.

II.   APPLICABLE LAW & ANALYSIS

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

Louisiana law applies the general rules of contract interpretation to construe insurance policies. *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir. 1990). "The parties' intent, as reflected by the words of the policy, determine the extent of coverage." *Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1183 (La. 1994). "Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. *Ledbetter v. Concord Gen. Corp.*, 665 So.2d 1166, 1169 (La. 1996).

Based on the clear and unambiguous language in the insurance policy, damages caused by wind and hail, including hurricane wind, are not covered by the policy. Plaintiffs have pointed to nothing to contradict this and indeed have not responded in opposition. However, based on the pleadings in the record, there is nothing by either party to refute the fact that the policy excludes coverage for the types of damages and losses claimed in the complaint.

Accordingly, for the foregoing reasons, the Court **GRANTS** Foremost's motion for summary judgment.

New Orleans, Louisiana, this 4th day of April, 2024.

_____
United States District Judge